### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                 **CRIMINAL ACTION NO. 14-cr-20420**

        **v.**                      **DISTRICT JUDGE VICTORIA A. ROBERTS**

**AHMAD RASHID LEWIS,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

### REPORT AND RECOMMENDATION

Defendant Ahmad Rashid Lewis is charged in a four-count indictment with (1) Felon in Possession of a Firearm(s) in violation of 18 U.S.C. § 922(g)(1); (2) Possession of Unregistered Firearm in violation of 26 U.S.C. § 5861(d); (3) Possession with Intent to Distribute Controlled Substance in violation of 21 U.S.C. § 841(a)(1); and (4) Possession of Firearm(s) in Furtherance of Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).  (Docket no. 8.)  Before the Court is Defendant's Motion to Suppress Evidence and Defendant's Statements and Brief in Support of his Motion.  (Docket nos. 30 and 33.)  The Government filed a Response in Opposition to Defendant's Motion.  (Docket no. 34.)  The motion has been referred to the undersigned for consideration.  (Docket no. 31.)  The Court held a telephonic status conference with counsel for each party on June 23, 2016, during which it determined that an evidentiary hearing on this matter is unnecessary.  The Court now issues this Report and Recommendation in accordance with Eastern District of Michigan Local Rule 72.1 and 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion to Suppress Evidence and Defendant's Statements (docket no. 30) be **DENIED**.

## II.     REPORT

### A.      Factual Background

On June 26, 2014, DEA Task Force Officer Dennis Janowicz submitted a search warrant affidavit to Wayne County Assistant Prosecuting Attorney Ron Haywood in support of an application for a warrant to search a residence on Morrell Street in Detroit, Michigan.  (Docket no. 34 at 7.)   A copy of Officer Janowicz's affidavit, the sufficiency of which Defendant challenges in his Motion, is attached to Defendant's Motion as Exhibit A.  (Docket no. 30-1.)

To establish probable cause for the search warrant, the Affidavit first describes Officer Janowicz's work assignment, duties, education, and experience; it then sets forth facts regarding the premises to be searched.  The Affidavit provides:

> On or about June 25th, 2014, Affiant received information that a black male known as Mann with a possible last name of Lewis described as being approximately 30 years of age, 6'0, and heavy set is known to distribute street level quantities of pharmaceuticals and heroin from within [the Morrell Street residence].

(Docket no. 30-1 at 3.)

Next, the Affidavit describes a "controlled purchase" that Officer Janowicz conducted at the Morrell Street residence through the use of a confidential source (CS) within 48 hours of receiving the aforementioned information.  (Docket no. 30-1 at 3-4.)  The controlled purchase rendered two Schedule IV pharmaceutical pills.  (*Id*. at 4.)  According to the Affidavit, the CS also pointed out a red Chevrolet Impala with a license plate number of "CLB0395" and indicated that it belonged to "Mann."  The Affidavit further explains that a subsequent check of the Law

2

Enforcement Information Network revealed that the vehicle identified by the CS was owned by Defendant.   The Affidavit also describes facts related to the credibility of the CS.

In reliance on the Affidavit, Assistant Prosecuting Attorney Haywood and 31st District Court Magistrate Alexis Krot signed the warrant at issue on June 26, 2014, thereby authorizing a search of the Morrell Street residence.   (Docket no. 30-1; docket no. 34 at 9.)  On June 27, 2014, DEA agents and other law enforcement officers executed the search warrant and found, among other things, Defendant, who was located in the living room of the residence; multiple firearms; and various drugs, including heroin and pills.  (Docket no. 30 ¶ 4; docket no. 34 at 6.)  At some point, either during or after the execution of the search warrant, Defendant was arrested and transported to the DEA Detroit Office, where Defendant admits that he made an inculpatory statement.  (Docket no. 33 at 5; docket no. 34 at 6.)

**B.    Analysis**

Defendant argues that the court should grant his Motion to Suppress because the Affidavit in support of the search warrant is deficient in that it does not establish probable cause to believe that controlled substances, weapons, or any other evidence of trafficking in controlled substances would be present at the Morrell Street residence.  (Docket no. 30 ¶ 3.)  Specifically, Defendant argues that the Affidavit is deficient because (1) the Affidavit does not identify the source of the information received on June 25, 2014, there is no corroboration for the Affiant's statement regarding that information in the Affidavit, and the Affidavit does not specify any dates and times of when the drugs were allegedly being distributed; (2) there is no support in the Affidavit for the conclusion that the two pills rendered by the controlled purchase were Schedule IV pharmaceuticals; (3) the Affidavit does not indicate that a sale actually took place; (4) the Affidavit does not refer to any future drug sales or indicate that the CS observed evidence of

3

other drugs on the premises; (5) the Affidavit does not describe any traffic to and from the Morrell Street residence or mention any other controlled purchases or surveillance; and (6) the Affidavit does not contain "the usual" boilerplate language that drug dealers usually keep controlled substances or weapons at their residence or place of distribution. (Docket no. 33 at 2-4.) Defendant further argues that "[t]he [A]ffidavit is so full of holes and unsupported statements and conclusions that it strains credulity to think that either a magistrate or a police officer would believe that it supports the issuance of a search warrant." (*Id*. at 4-5.) For these reasons, Defendant argues that the evidence recovered at the Morrell Street residence, as well as his subsequent inculpatory statement should be suppressed. (*Id*. at 5.)

The Government argues that the Affidavit provided the district court magistrate "with a substantial basis for determining the existence of probable cause" in accordance with *Illinois v. Gates*, 462 U.S. 213, 239 (1983). (Docket no. 34 at 2, 9-14, 16.) Alternatively, the government argues that even if the Affidavit failed to establish probable cause, the evidence and Defendant's statements should not be suppressed because the officers relied on the search warrant in good faith. (*Id*. at 3, 14-16.)

Under the Fourth Amendment to the United States Constitution, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. In deciding whether an affidavit establishes probable cause justifying the issuance of a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238-39

(citation omitted). "Whether the affidavit gives rise to this fair probability depends on the totality of the circumstances." *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) (citation and internal quotation marks omitted).

"Great deference" is given to a magistrate's determination of probable cause to support the issuance of a warrant. *Id*. (citation omitted). The magistrate's determination of probable cause should be affirmed if the record contains a "substantial basis for his probable cause findings." *United States v. Alfano*, 838 F.2d 158, 162 (6th Cir. 1988). To determine if a warrant establishes probable cause, a court "look[s] only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant." *Brooks, supra*, 594 F.3d at 492 (citation omitted).

Defendant asserts that the Affidavit in this matter does not establish probable cause because it lacks detail and support in several respects. But, an "affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000). Here, the Affidavit states that on or about June 25, 2014, Officer Janowicz received a tip that a black male known as "Mann" with a possible last name of "Lewis," who was approximately 30 years old, six feet tall, and heavy set, was known to distribute street-level quantities of heroin and pharmaceuticals from within the Morrell Street residence. (Docket no. 30-1.) While the Affidavit does not specify the source of the tip or provide any information regarding when the drug activity allegedly occurred, "probable cause can still exist if the officer sufficiently corroborates the tip." *United States v. Ronnie Buffer*, 529 F. App'x 482, 484 (6th Cir. 2013) (citing *Brooks, supra,* 594 F.3d at 493 ("[I]n the absence of any indicia of the informants' reliability, courts insist that the affidavit

contain substantial independent police corroboration." (internal quotation marks and citations omitted))).

The Sixth Circuit has held that information regarding a controlled purchase is sufficient corroborating information from which the issuing magistrate could derive a substantial basis for concluding that drugs would be found at the search location. *See United States v. Archibald*, 685 F.3d 553, 557-58 (6th Cir. 2012) (affidavit stating that an informant made a controlled purchase of narcotics while under police surveillance within 72 hours of the affidavit and describing the officers' arrangements for the controlled purchase, contained sufficient corroborating information); *see also United States v. Coffee*, 434 F.3d 887, 893-95 (6th Cir. 2006) (officer's affidavit sufficiently corroborated confidential informant's (CI's) tip where it detailed the circumstances of a controlled purchase, through which the officer searched the CI for money or contraband, provided the CI with pre-recorded funds, observed the CI enter and exit the house, and tested the crack cocaine that the CI purchased from the defendant).

Here, Officer Janowicz conducted a controlled purchase at the search location through the use of a confidential source, which he describes in the Affidavit.  (Docket no. 30-1 at 3-4.) Specifically, the Affidavit states that within the past 48 hours, Officer Janowicz met with the CS at a prearranged location where the CS was searched for any narcotics, paraphernalia, and weapons, as witnessed by another member of DEA Detroit Group 5, with none being found. According to the Affidavit, the CS was then issued pre-recorded funds and kept under constant visual surveillance from the prearranged location until he entered the Morrell Street residence. The Affidavit informs that within minutes of entering the Morrell Street residence, the CS was observed exiting the residence and walked directly to the prearranged meet location, where the CS produced two Schedule IV pharmaceutical pills.  The Affidavit states that the CS was again

searched for narcotics, paraphernalia, and weapons, and none were found.  The Affidavit also states that the CS pointed out a car and informed that it belonged to "Mann," which car was later confirmed to belong to Defendant.  Finally, the Affidavit advises that the CS "has proven to be credible and truthful based on names and information of narcotic distributors that has been confirmed through the knowledge of Affiant as well as [the] law enforcement data base" and that positive identification of and the location of residence for Mann Lewis were confirmed based on information received from the CS.

Defendant makes several challenges to the Affidavit's description of the controlled purchase.  (Docket no. 33 at 3-4.)  First, Defendant argues that there is no support for the conclusion in the Affidavit that the two pills that the CS turned over to Officer Janowicz were Schedule IV pharmaceuticals, because, unlike the affidavit in *United States v. Pinson*, 321 F.3d 558, 563 (6th Cir. 2003), the Affidavit in this matter doesn't indicate that the pills were tested, labeled, or otherwise identified as controlled substances.  (Docket no. 33 at 3.)  In *Pinson*, the court held that the affidavit was sufficient to establish probable cause where the affidavit affirmed the officer's personal observation of the controlled purchase, the officer's pat down of the informant before and after the purchase, and the fact that the drugs purchased by the CI later tested positive for cocaine.  *Pinson*, 321 F.3d at 563, 565.  The court's holding in *Pinson*, however, was based on the totality of the circumstances, *Id*. at 565, and it therefore does not institute a requirement that an affidavit provide the laboratory test results of drugs rendered in a controlled purchase, as Defendant implies.  Moreover, given Officer Janowicz's experience in investigating controlled substance trafficking, as outlined in the Affidavit, he could reasonably be assumed to be familiar with Schedule IV pharmaceuticals and able to identify them by observation.  *See Allen, supra*, 211 F.3d at 973-74, 975 (citation omitted).  Such experience

provides ample support for his affirmation that the pills turned over to him by the CS were Schedule IV pharmaceuticals. *See id*. For these reasons, Defendant's argument in this regard fails.

Next, Defendant argues that the Affidavit does not demonstrate that a sale actually took place because there is no indication that the pre-recorded funds were exchanged for the pills and there is no mention of any conversations between the CS and the person who gave him the pills regarding any future drug transactions. (Docket no. 33 at 3.) Defendant generally cites to *United States v. Williams*, 650 F. Supp. 2d 633, 655 (W.D. Ky. 2009) to support this argument, but his reliance on this case is misplaced, as the page he cites to relates to the community caretaking function of the police as a basis for a warrantless seizure of a vehicle. A further reading of *Williams* actually defeats Defendant's instant argument, as, in finding that the affidavit in that matter contained a substantial basis to establish probable cause, the *Williams* court relied on *United States v. Martin,* 526 F.3d 926, 936–37 (6th Cir. 2008) for the premise that "an affidavit is not insufficient merely because it lacks explicitness of detail and every statement is not corroborated" and on *United States v. May,* 399 F.3d 817, 826 (6th Cir. 2005) for the premise that "an affidavit need not contain a detailed factual basis for every statement therein in order to support the judge's finding of probable cause." *Williams*, 650 F. Supp. 2d at 659. Those same premises apply to the Affidavit in the instant matter and they invalidate Defendant's instant argument.

Defendant also argues that "[t]he fact that there was only one instance of a delivery, especially when the pills were never established to be an illegal substance, does not support a finding that the Morrell address was part of an ongoing drug operation." (Docket no. 33 at 3.) He also points out that the Affidavit does not mention any additional controlled purchases or

other surveillance, citing *United States v. Hython*, 443 F.3d 480, 485-86 (6th Cir. 2006).  (*Id*. at 3-4.)  But the Sixth Circuit has found that "a single controlled purchase is sufficient to establish probable cause to believe that drugs are present at the purchase location."  *Archibald*, 685 F.3d at 558 (citing *United States v. Jackson,* 470 F.3d 299, 307–08 (6th Cir. 2006) and *Pinson,* 321 F.3d at 565).  In *Hython*, cited by Defendant, the court found that a single controlled purchase did not establish that the search location was the base for an ongoing drug enterprise, reasoning in part that there was no second controlled purchase or additional police surveillance.  *Hython*, 443 F.3d at 486.  *Hython*, however is distinguishable from *Archibald* and the instant matter in that the reliability of the controlled purchase was primarily called into question because the affidavit offered "no clue" as to when the controlled purchase took place, and the controlled purchase was not carried out by the known CI, but by an unidentified female.  *Id*.

Here, the Affidavit demonstrates that Officer Janowicz took proper measures to ensure the reliability of the controlled purchase, including thoroughly searching the CS before and after the purchase, issuing pre-recorded funds to the CS for use in the purchase, maintaining surveillance of the CS to and from the Morrell Street residence, employing another member of DEA Detroit Group 5 to act as an additional witness to the purchase, and employing a known, credible CS to make the purchase.  *See United States v. Smith*, 337 F. App'x 500, 504 (6th Cir. 2009).  Accordingly, under *Archibald*, the controlled purchase, conducted within 48 hours of the initial tip, is sufficient corroborating information from which the issuing magistrate could derive a substantial basis for concluding that drugs would be found at the Morrell Street residence. Based on the totality of the circumstances – the initial tip, the controlled purchase conducted within 48 hours of the tip, the stated reliability of the CS, Officer Janowicz's observations, and Officer Janowicz's experience – the Affidavit contains a substantial basis for the magistrate's

probable cause findings, and Defendant's Motion to suppress the evidence from the execution of the search warrant at the Morrell Street residence and Defendant's subsequent incriminating statements should be denied.  Because this recommendation is made on the basis of sufficient probable cause, the good-faith exception to the exclusionary rule need not be addressed.  *See United States v. Patton*, 411 F. App'x 806, 810 (6th Cir. 2011).

       **C.**       **Conclusion**

       For the reasons stated herein, the court should **DENY** Defendant's Motion to Suppress Evidence and Defendant's Statements (docket no. 30).

**III.**       **NOTICE TO PARTIES REGARDING OBJECTIONS**

       The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

       Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise

response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  July 27, 2016                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

        I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  July 27, 2016                    s/ Lisa C. Bartlett
                                         Case Manager